GRACEY, JUDGE:
In his Notice of Claim, the claimant, George Korbanic, requested damages for hospital and other medical expenses and for lost earnings during time missed from work incident to bullet wounds inflicted upon his person on March 5, 1980. He was then 65 years of age. In the evening of that day, he was enjoying his newspaper and television in his rural home near Middlebourne, in Tyler County, when several rounds were fired through the window, three bullets striking him.
Leeman Warren Mason, then Sheriff of Tyler County, testified that one Scott Dailey, a parolee from the West Virginia Penitentiary and *185 son of the claimant’s neighbor, was arrested for the shooting, pleaded guilty to attempted murder, and was taken back to the Penitentiary. The Sheriff had thought Scott Dailey was still incarcerated at the Penitentiary, incident to a previous offense, and had no information that he had been placed on parole. According to the Sheriff, and the records, Dailey had no record of prior crimes of violence but had been involved in property crimes. As the Sheriff had transported the claimant to the Wetzel County Hospital, the claimant “. . . was semi-unconscious and kept saying something about Scott Dailey.”
The claimant testified that he had a casual acquaintance with Dailey and had not known of his prior criminal record or that he was then on parole. Dailey had visited with him on the afternoon of the shooting and had split some logs for him. They had had beer and sandwiches, and talked, and Dailey left. His concern about “Scotty” (Dailey) had been what prompted him to mention his name to the Sheriff. Claimant testified, “I was concerned about Scotty, to stop and see if something had happened to him.” Dailey was arrested about thirty minutes later, and had later told the Sheriff that a television program he had been watching had influenced him to shoot the claimant.
Medical records admitted into evidence covered claimant’s emergency hospitalization and surgery at Wetzel County Hospital and subsequent hospitalization and surgery at The Western Pennsylvania Hospital at Pittsburgh.
The claim is based upon the claimant’s theory that a person placed upon parole by the respondent, the West Virginia Board of Probation and Parole, is a ward of the State and that the State is liable for the results of such a person’s misconduct. Unfortunately for the claimant, his theory is but a theory, not the law.
Claim disallowed.